Good morning Ms. Eisenman May it please the court, Vanessa Eisenman In court Terrance Brown there is one issue remaining in this appeal and that's whether the Illinois robbery statute required purposeful or knowing use of force such that under Borden it could be used as a career offender predicate it doesn't the statute at issue the Illinois robbery statute was completely silent on mental state Illinois law says if the statute is silent on mens rea any mental state provided in their statutes is acceptable that includes recklessness therefore recklessness applied the end what makes this a little bit more complicated is the Bragg decision in the 8th circuit and there the 8th circuit said that's a post Borden decision the first post Borden decision to take a look at this and said that we're going to look to the realistic probability test and we don't see any realistic probability that you could have a robbery based on reckless use of force a couple of things about Bragg first of all the 8th circuit is different from this circuit's current precedent regarding the realistic probability test so this circuit and the majority of circuits say that if there's a facially over breath facial over breath on the now I'm getting myself confused you can see the over breath on the face of the statute then you don't need to go any further and do the realistic probability test it's only if it's ambiguous thank you yes yes thank you and but not every circuit follows that that's correct the majority of the circuits and that's cited in our my reply brief do follow that yeah the 8th circuit is in the Supreme Court has not addressed that question yes I agree I think Taylor you know gives gives us some nice ammunition on the defense side to make those arguments but I agree that was in the 924 C context so there's still some question about it here so Bragg goes to realistic probability test right away this court if it agrees with me that there you can see from the statute that there's no mental state there then it clearly doesn't qualify under Borden and we can stop that's what this court would say so would we be creating a circuit split with Bragg so we find in your favor I think I don't think we create one and I'm not just trying to wordsmith here I'm just trying to distinguish right so we already had that precedent that you don't go to the realistic probability test unless you can unless on the crime of violence not on the realistic probability okay on the crime of violence yeah I think then we would have to but I'm comfortable with that and I know this court doesn't do it lightly but there's some problems with Bragg just even saying okay say we got to go to the realistic probability test what Bragg relies on in the realistic probability test is actually people versus Jones which is the case that says even though robbery is silent you go to the mental state statute and you can use any one of those mental states including recklessness so that's problem number one problem number two is that Bragg relies on this portion of Jones that talks about specific intent to permanently deprive an owner of property what Jones is talking about there is though the whole issue in Jones is whether theft is a lesser included offense to robbery right so the difference between those two is obviously going to be the use of force so that's not what Jones is talking about the Jones is talking about whether the other elements of robbery are the same as Bragg takes is that specific intent to permanently deprive an owner of property that's the same in theft as it is in robbery it's not talking about use of force there's nothing in that passage that is talking about use of force so what Bragg relies on is actually incorrect so once you have that part taken away I just don't see how you can get past cases like people versus Lewis where clearly the Illinois courts are saying that you don't have to have purposeful or knowing use of force in that case there was a scuffle that one of the customers fell over the defendant and the court says as long as force occurs that's fine that's robbery and the dissent even points out the dissent says hey listen I I don't agree I wouldn't have affirmed this conviction because there was no force that the defendant actually employed himself and the majority says no that doesn't matter it's just use of force Ms. Eisman, do you think perhaps we're overworking the analogy between robbery and carjacking? No, I don't. You don't? No, I don't. Why do you think the legislature bothered then to pass the carjacking statute? That's a good question. I'm not sure but all I know is that everything that I looked at in Illinois analogized those two. Everything that I looked at under federal law analogized those two. That's what was argued below. So, and it makes logical sense to me that it's robbery of a car, right? That seems to make a lot of sense to me too. And they're phrased very much the same. The robbery statute and the vehicular hijacking statute. And when they amended the statute in 2013 to put the knowingly requirement they did it to both statutes. Do we know why? Do we know why does Illinois have legislative history? On that statute? On any statute. Do you use legislative history in Illinois? I didn't look it up for this case. I wondered if we knew any reason why Illinois did this. Yeah, why separate it out if it's just robbery of a car? I'm not sure, I'm sorry. Who decided to put the word knowingly in? Was this part of a general statutory revision? Oh, in 2013? Yeah. You mean? I think cases like Jones are the reason why. And I'm sorry, I didn't understand your question. I think cases like Jones are why they did this. They realized from Jones that this is confusing here. There's no mental state whatsoever. And cases like People v. Lewis and the Merchant case, which I misspelled in my brief. It's Merchant, sorry about that. Collected all these cases where the court's kind of trying to figure out the mental state because the statute's silent on it. So that appeared to have been the reason why in 2013 Illinois finally got around to saying you know what, we need to put a mental state in here and we want it to be knowingly. We don't want it to be recklessly. Can we consider that maybe clarification as opposed to changing the substantive law? Um, no. No, I don't think so. Because you have Jones saying that it's silent so recklessly applies. Nice. So I think it's raising the mental state. And now, you know, when you have it post-2013, you've got knowingly in there, right? So knowingly either applies to everything in the statute, so it's now a knowing use of force. Or knowingly only applies to the taking part. And then the second element, the use of force, is silent so you go back to the mental statute and say okay, it's still recklessness. That's post-2013. At this time, there's nothing. If there's nothing, Illinois law says you go to the mental state statute, recklessness can apply. Even if you're going to Jones. Jones says recklessness. So even if you read Jones to apply to the whole statute, you get recklessness. If you read Jones just to apply to the taking clause, you've got recklessness for taking and you've got nothing for use of force. Therefore, you go back to the recklessness. Would it matter if we looked at this under the enumeration clause? I think it'd be a different analysis because you've got to look at the generic crime. Right. And I'm not so sure the case law is clear that the generic crime of robbery involves the use of an intent. I'm not so sure that recklessness couldn't qualify for the generic crime. That's not what my research indicated and I only raised this in a footnote in the opening brief because that's not what the government argued as well. I understand. This is just a reoccurring issue we are seeing now. You were on the Carr case and I know that that was the main issue there. But as I tried to point out in my brief, this case is a little bit different. We're only talking about the force clause. It's not plain error review. This was raised below. This is a perfect opportunity for this court to give some clarity on that rather common predicate. So I'll reserve my remaining time. Thank you. Thank you. Mr. Whalen. Thank you, Your Honors. May it please the court. Nathaniel Whalen here on behalf of the United States of America. The district court properly found that vehicular hijacking involves the use of force and sentenced Mr. Brown as a career offender and we ask this court to affirm. This isn't quite a case of just creating a circuit split, which this would. It's also overturning 30 years of precedent. In 1990, this court held in Dickerson that Illinois robbery qualifies under the elements clause. In 1995, this court in Rutherford found that the elements clause requires knowing or intentional conduct. And Mr. Brown cites the Campbell case on page 11 of his brief that goes through the history of this court's interpretation of the elements clause. And then the Jones case he relies on is from the early 90s. So really his argument is this court's been getting it wrong for about 30 years. That's not an argument this court should take lightly, especially when it does create a circuit split. This court's been aligned with the board in decision that the use of force requires knowing and intentional conduct. So with that in mind and kind of as the background, let's talk about the actually Illinois robbery statute and vehicular hijacking. The Jones case is interpreting whether the allegation of theft or robbery includes the lesser included of theft. And so at pen site 1075, it talks about what does it mean when it alleges the defendant took the items. And it says took means obtaining control over the property. And that can include a reckless, knowing, or intentional conduct. So the Illinois Supreme Court says in Jones, when we're talking about the taking element, it can include reckless, knowing, or intentional conduct. They've subsequently amended the statute to make it just knowing, Your Honor, but that's only to the taking element. Now, defendant's argument is that really there's no mental state for the use of force element. That is not actually what Illinois case law provides. And I direct this court to the Belk case. The people v. Belk, state v. Belk, Illinois v. Belk. My blue book has seen better days. Talks about what's a forcible felony. Give me the citation. Oh, I'm sorry, Your Honor. It's cited in a brief, but it is 784 Northeast 2nd, 825. And so it's interpreting this definition of forcible felony that includes, and I hate to use this phrase, but it's what the Illinois court calls it, a residual clause. The residual clause of forcible felony says a felony that involves the use or threat of physical force or violence against any individual. And what the Illinois Supreme Court says in Belk is reckless conduct doesn't qualify as the use of force. That's a vehicular case. The defendant drives away, he hits another car as he's getting away, and the state wants to say that that's a forcible felony that can support a murder charge. The Illinois Supreme Court says no, it can't, because it's only reckless conduct. What it says is actually you have to contemplate the use of force or violence against an individual to involve the use of force. And that's consistent with the case law interpreting Illinois robbery and Illinois vehicular hijacking, as we've cited in our brief, to prove a conviction under that to show that the defendant used force. The defendant has to have directed force at the individual or threatened force. What about the Lewis case? The Lewis case, Your Honor, involves the question of whether the quantum of force qualifies. It's not a mens rea case. And that's an issue this court has separately dealt with. In the Jones brief we cite, and I apologize that there are lots of Joneses flying around, that's United States v. Jones. It's also referenced in the Love case that the defendant cites in his reply brief. That's an issue under Stoeckling, which is a different question that we've been grappling with for the last eight years or so under the categorical approach. So under Lewis, the argument was it was a purse robbery case. And the defendant says, no, I didn't have sufficient force to qualify under the robbery statute. Illinois court says, well, yeah, you did. And so the defendants have relied on cases like Lewis and Merchant in arguing to this court that Illinois robbery doesn't have sufficient force under the Armed Career Criminal Act. And that's a Stoeckling question. That's not a question that the defendant raised previously. It's not a question in the opening brief. It's waived. To the extent it isn't waived, though, nothing about Borden calls into question the level of force sufficient to qualify under the elements clause. Borden's a mens rea case. So Lewis and Merchant don't move the ball at all in terms of the mens rea question. So if we get back to the forcible felony question, if you look at Campbell, I'm sorry, if you look at Belk, and then if you look at the State v. Wooden case that we cite, and that's 16 Northeast 3rd, 850, there the Illinois appellate court  for every conviction, the defendant has to, and I'm quoting here, at Penn site, gosh, I don't want to mix my Penn sites here, I think it's 855, yes, at Penn site 855, they say that vehicular hijacking does qualify because the defendant must have contemplated that violence might be necessary to carry out the crime. That's not a reckless standard. That's a knowing and intentional standard. That's consistent with this court's precedent. It's consistent with Borden. It's consistent with what the Illinois courts have said throughout the case law about what it means to use force. So it's not an issue that there's no mens rea for the use of force. There is a mens rea, and that's what the Illinois courts have talked about in these cases. That's why you don't have to import a recklessness standard. In fact, looking at the Illinois statutes, I didn't find a single Illinois statute that kind of puts any sort of mental state in front of the use of force. So another case we cited talks about self-defense, and that's the Francis case. That's another case where it talks about the use of force, and it doesn't say knowing use of force. It doesn't say intentional use of force. But what the Illinois courts have said is use of force means intentional act as it relates to self-defense. Just like the Supreme Court's interpreted what it means to use force in Borden and in Leocal and in Voisin and the other cases, the Illinois courts have interpreted what it means to use force. And that's why this court's been getting it right for 30 years, that Illinois robbery does involve a knowing or intentional use of force against another. What would you think of our, if we thought there were any ambiguity in this thing due to the track record of the Illinois Supreme Court on its robbery statute, of our just certifying this issue to the Illinois Supreme Court and saying, look, can we use recklessness in a carjacking, or can't we? Your Honor, that's not a remedy that the defendant has sought in this case. I think that's not a... Well, it's not a remedy you'd expect the defendant to seek as much as maybe the court here that'd like to get this straight and win the party. I apologize, Your Honor, I didn't mean to interrupt. This is going. We don't need to have these cases come up time and time again. A lot of people hijack cars in Illinois. We're going to see a lot of these. And, Your Honor, the Love case and the case that was argued last week, it has been argued. I don't think there is any ambiguity as to what the Illinois courts have said qualifies as the use of force. I don't think this court has found any ambiguity for the last 30 years, and so I guess I'd recommend against certifying the question to the Illinois Supreme Court, especially since we do have this... Well, I guess I'll just leave it at that, Your Honor. In terms of the realistic probability question, I don't think this court needs to get to that, but to the extent it does, that is still a viable option. Only if we find ambiguity, right? Only if you find ambiguity. That's correct, Your Honor, but the cases where this court has found no ambiguity are the cases where the enumerated statute clearly falls outside the definition. I know Your Honor is well aware of the Ruth case. That's a case where the definition of controlled substance includes isomers, and I'm not going to pretend to understand any biology or chemistry about that, but the federal definition included, I think, it's geometrical or positional isomers, and the state didn't. And so you can look at the two statutes side by side and say, no ambiguity. These clearly don't qualify. This is not a case where you can look at the Illinois statute and say, this clearly doesn't qualify. It's our position that it does. But certainly looking at the face of the statute, there's nothing about it that says that it's clearly outside the scope. So then we do get to the issue in Bragg, and we get to the issue of the reasonable probability test, where there is no reasonable probability in light of the Illinois court statement that you have to direct force at another individual. There's no reasonable probability that you could direct force at another while, in the definition of recklessly, means consciously disregarding the fact that force would be used. And that's on page 14 of our brief. I don't know how you can direct force while simultaneously consciously disregarding it. It's the same thing if you look at the threat part of the statute. How can you threaten someone with an intent to put them in fear while consciously disregarding the fact that you're threatening them? There's no vehicular carjacking case that falls under that rubric. I'm unaware of any robbery case that falls under that rubric, and that's why we're outside of the case of the Ohio statute that they dealt with in Butts, where they explicitly say, here's the case where you pick up the bag off the floor when the store clerk has fallen, and you pull the ring off the finger. Ohio courts have punished a defendant under that statute that way. We have no similar situation here in Illinois, Your Honors. Unless this court has any further questions, we'd ask that you affirm the defendant's sentence. Thank you, Mr. Whalen. Thank you. Size him in. Picking up where he left off, it sounds like the government doesn't agree with Lewis. And that's something that we have here on the books. We have in Lewis an exact situation where there's reckless use of force, and the court is talking about whether there was sufficient force and whether it was okay to uphold the conviction, even though the use of force had nothing to do with the defendant directing anything. Lewis was definitely a mental state case. It's talking about the use of force, the dissent. Here, no force was assertively deployed by the defendant in his attempt to take the victim's property. It was the victim who attempted to use force. They're talking about who's using the force, who's directing the force. That's at issue in Lewis. Overturning 30 years of precedent, Borden is good reason to do that. I ask that you remand free sentencing, and the district court already indicated he would probably reduce the sentence. Thank you, Ms. Eisenman. And you're appointed to represent your client in this case. Thank you for accepting the appointment and for your strong advocacy. That's the last case for oral argument. We'll take the case under advisement, and the court is in recess.